**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HUDA EMZIKA,                                    Case No. 1:26-cv-01559

      Plaintiff,

vs.

STRYKER CORPORATION, a Michigan Corporation,

      Defendant.

---

JAMIL MOURAD (P84246)
DEFINED LAW, PLLC
*Attorney for Plaintiff*
835 Mason St. (Suite D160)
Dearborn, MI 48124
(313) 650-5050
JM@DefinedLaw.com

---

**DEFINED LAW, PLLC**
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff Huda Emzika, through her counsel, states the following claims against Defendant:

### NATURE OF CLAIM

1.  This is an action brought for discrimination and harassment on the basis of religion and national origin, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*

### JURISDICTION AND PARTIES

2.  Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.  The events giving rise to this cause of action occurred in the Western District of Michigan.

4. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

5. Plaintiff Huda Emzika ("Plaintiff") is a Muslim woman of Arabic/Middle Eastern national origin who was employed as an Assembly employee by Defendant and resides in Kalamazoo, Michigan.

6. Defendant Stryker Corporation ("Stryker" or "Defendant") is a Michigan corporation with a facility located at 3800 E. Centre Ave., Portage, Michigan 49002. At all relevant times, Stryker employed Plaintiff and employed more than 500 employees, making it an "employer" within the meaning of 42 U.S.C. § 2000e(b) and M.C.L. § 37.2201.

7. Plaintiff received an EEOC Notice of Right to Sue (Charge No. 471-2025-04598) on February 10, 2026, and files this Complaint within 90 days thereof as required by 42 U.S.C. § 2000e-5(f)(1).

## FACTS

8. Plaintiff Huda Emzika began working for Stryker Corporation on or about October 31, 2022, as an Assembly I employee at Stryker's facility located at 3800 E. Centre Ave., Portage, Michigan 49002.

9. In or around February 2024, Plaintiff was promoted to Assembly II, reflecting her satisfactory performance. At all times during her employment, Plaintiff met or exceeded Stryker's legitimate performance expectations.

10. As a practicing Muslim, Plaintiff wears a hijab — an Islamic religious head covering — as a sincerely held religious obligation of her faith. Plaintiff wore her hijab throughout her employment at Stryker.

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

11. In or around February 2023, Plaintiff began experiencing continuous, ongoing harassment at Stryker based on her national origin (Arabic/Middle Eastern) and her religion (Muslim/Islam), perpetrated by her coworkers and leadership who are outside of Plaintiff's protected groups.

12. The harassment included discriminatory and harassing treatment directed at Plaintiff because she wears a hijab as an expression of her Islamic faith, derogatory conduct targeting her Arabic/Middle Eastern national origin and Muslim religion, and other hostile treatment targeting her protected characteristics.

13. The harassment was severe and pervasive, occurring on a continuous and ongoing basis from February 2023 through May 2025, and sufficiently altered the terms and conditions of Plaintiff's employment to create an objectively hostile and abusive work environment.

14. Plaintiff complained about the discriminatory and harassing treatment to Stryker management and/or human resources personnel on multiple occasions, putting Defendant on actual notice of the unlawful conduct.

15. Despite Plaintiff's complaints, Stryker failed to take prompt, adequate, or effective remedial action. The hostile treatment of Plaintiff continued without abatement.

16. Stryker's failure to remedy the discriminatory and harassing conduct, despite having actual notice, demonstrates that Defendant knew or should have known of the ongoing harassment and condoned or was deliberately indifferent to it.

17. The discriminatory and harassing conduct continued on a sustained basis through at least May 2025 — the dates identified in Plaintiff's EEOC Charge as the period of the most recent discriminatory acts — constituting a continuing violation.

18. As a direct and proximate result of Stryker's ongoing failure to address the discrimination and harassment, and faced with intolerable working conditions caused by Defendant's unlawful

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

conduct, Plaintiff was constructively discharged from her employment at Stryker in or around May 2025.

19. As a direct result of Defendant's actions, Plaintiff lost her position and income at Stryker and has suffered significant emotional distress, mental anguish, and humiliation.

## COUNT I
## RELIGIOUS DISCRIMINATION
### (42 U.S.C. § 2000e-2)

20. Plaintiff incorporates by reference the preceding paragraphs.

21. Plaintiff is a Muslim woman whose sincerely held religious beliefs require her to wear a hijab at all times in the presence of non-familial males.

22. Plaintiff's wearing of a hijab conflicted with Defendant's asserted dress code or workplace policy.

23. Plaintiff informed Defendant of her religious belief and practice and sought accommodation. Defendant failed to provide any reasonable accommodation and failed to demonstrate that doing so would cause undue hardship within the meaning of Title VII and *Groff v. DeJoy,* 600 U.S. 447 (2023).

24. Defendant's conduct violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

25. As a proximate result of Defendant's unlawful conduct, Plaintiff has sustained, and will continue to sustain, injuries and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress, and the physical manifestations of those injuries.

**WHEREFORE** Plaintiff requests that this Court enter judgment against Defendant providing for:

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

a. Economic damages;

b. Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

c. Costs, interest, and reasonable attorney fees as provided by 42 U.S.C. § 2000e-5(k);

d. Punitive damages; and

e. Such other equitable relief as the Court deems just.

## COUNT II
## NATIONAL ORIGIN DISCRIMINATION
### (42 U.S.C. § 2000e-2)

26. Plaintiff incorporates by reference the preceding paragraphs.

27. Plaintiff is of Arabic/Middle Eastern national origin.

28. At all times Plaintiff was a satisfactory and performing employee.

29. Defendant subjected Plaintiff to adverse employment actions and a hostile work environment based on her national origin, including continuous harassment by coworkers and leadership from February 2023 through May 2025 and constructive discharge.

30. Defendant undertook the aforementioned actions because of Plaintiff's national origin.

31. Defendant's actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

32. As a proximate result of Defendant's unlawful conduct, Plaintiff has sustained, and will continue to sustain, injuries and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress, and the physical manifestations of those injuries.

WHEREFORE Plaintiff requests that this Court enter judgment against Defendant providing for:

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

a.  Economic damages;

b.  Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

c.  Costs, interest, and reasonable attorney fees as provided by 42 U.S.C. § 2000e-5(k);

d.  Punitive damages; and

e.  Such other equitable relief as the Court deems just.

## COUNT III
## HOSTILE WORK ENVIRONMENT
### (42 U.S.C. § 2000e-2)

33.  Plaintiff incorporates by reference the preceding paragraphs.

34.  Plaintiff is a Muslim woman of Arabic/Middle Eastern national origin.

35.  At all times Plaintiff was a satisfactory and performing employee.

36.  Defendant subjected Plaintiff to severe and pervasive harassment based on her religion and national origin that continued on an ongoing basis from February 2023 through May 2025, creating an objectively and subjectively hostile, abusive, and offensive work environment that altered the terms and conditions of her employment.

37.  Defendant knew of the hostile work environment through Plaintiff's repeated complaints and failed to take prompt, adequate, or effective remedial action.

38.  Defendant's actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

39.  As a proximate result of Defendant's unlawful conduct, Plaintiff has sustained, and will continue to sustain, injuries and damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress, and the physical manifestations of those injuries.

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

**WHEREFORE** Plaintiff requests that this Court enter judgment against Defendant providing for:

a.  Economic damages;

b.  Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

c.  Costs, interest, and reasonable attorney fees as provided by 42 U.S.C. § 2000e-5(k);

d.  Punitive damages; and

e.  Such other equitable relief as the Court deems just.

## COUNT V
### RELIGIOUS DISCRIMINATION, HARASSMENT, AND RETALIATION
### (Michigan Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 et seq.)

40.  Plaintiff incorporates by reference the preceding paragraphs.

41.  The Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2202, independently prohibits discrimination in employment on the basis of religion and national origin, requires reasonable religious accommodation, and prohibits retaliation for opposing unlawful discrimination. M.C.L. § 37.2701.

42.  At all times Plaintiff was a satisfactory and performing employee.

43.  By the conduct described herein — subjecting Plaintiff to continuous harassment and discrimination based on her Muslim religion (including discrimination related to her hijab) and Arabic/Middle Eastern national origin, failing to accommodate her religious practice, failing to remedy the hostile work environment, and constructively discharging her — Defendant violated the ELCRA.

44.  As a proximate result of Defendant's unlawful conduct, Plaintiff has sustained, and will continue to sustain, injuries and damages, including but not limited to, loss of earnings and earning

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

capacity; loss of career opportunity; humiliation, outrage, embarrassment, mental and emotional distress, and the physical manifestations of those injuries.

**WHEREFORE** Plaintiff requests that this Court enter judgment against Defendant providing for:

a.  Economic damages;

b.  Non-economic damages to compensate for the mental and emotional distress, outrage, and humiliation she has suffered, and continues to suffer, as a result of Defendant's illegal actions;

c.  Costs, interest, and reasonable attorney fees as provided by M.C.L. § 37.2801;

d.  Exemplary damages; and

e.  Such other equitable relief as the Court deems just.

Respectfully Submitted,

**DEFINED LAW, PLLC**

*/s/ Jamil Mourad*
JAMIL MOURAD (P84246)
*Attorney for Defendant*
835 Mason St. (Suite D160)
Dearborn, MI 48124
(313) 650-5050

Dated: May 11, 2026

DEFINED LAW, PLLC
ATTORNEYS & COUNSELORS
835 Mason St, Suite D160, Dearborn, MI 48124

## JURY DEMAND

Plaintiff, through her counsel, demands trial by jury in the above-captioned matter.

Respectfully Submitted,

**DEFINED LAW, PLLC**

*/s/ Jamil Mourad*
JAMIL MOURAD (P84246)
*Attorney for Defendant*
835 Mason St. (Suite D160)
Dearborn, MI 48124
(313) 650-5050

Dated: May 11, 2026